IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BERTHA C. GRUENANGERL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:14-CV-165 |
| ) | |
| MCDONALD'S CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant MCDONALD'S CORPORATION (hereinafter "Defendant") files this Notice of Removal, removing the case styled *Bertha C. Gruenangerl v. McDonald's Corporation*, Cause No. 2014DCV1155 from the 327th Judicial District Court in El Paso County, Texas to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. The grounds for removal are as follows:

### PROCEDURAL BACKGROUND

1. On April 11, 2014, Plaintiff Bertha C. Gruenangerl ("Plaintiff") filed her Original Petition against Defendant alleging causes of action for age discrimination and retaliation under Chapter 21 of the Texas Labor Code ("Chapter 21").

2. Defendant was served with Plaintiff's Original Petition on April 15, 2014. Defendant has not yet filed an answer but will do so within the time frame set forth under Federal Rule of Civil Procedure 81(c). This removal is timely filed within 30 days of receipt of Plaintiff's Original Petition by Defendant. True and correct copies of all pleadings filed in state court are attached hereto.

**DIVERSITY JURISDICTION**

*Citizenship*

3.      The United States District Court has original jurisdiction over this action based on complete diversity between the parties, in that Defendant is now, and at the time the action was filed, diverse in citizenship from Plaintiff.  Upon information and belief, Plaintiff is a resident of El Paso, Texas and a citizen of the State of Texas.  Defendant is incorporated in the State of Delaware, and its principal place of business is located in the State of Illinois.  Thus, there is complete diversity of citizenship between Plaintiff and Defendant.

*Amount in Controversy*

4.      Where it is "facially apparent" that the claims more likely than not exceed $75,000, exclusive of interest and costs, the amount in controversy requirement of $75,000 for diversity jurisdiction is met.  *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).  In her Original Petition, Plaintiff fails to plead the amount of monetary relief sought as required by Texas Rule Civil of Procedure 47(c).[1]  Despite Plaintiff's failure to comply with Rule 47(c), the amount-in-controversy is ascertainable from the Civil Case Information Sheet wherein Plaintiff indicates that she is seeking to recover monetary relief of over $200,000 but not more than $1,000,000.  Clearly, the amount-in-controversy in this case exceeds $75,000.

5.      Moreover, in her Original Petition, Plaintiff pleads the following categories of damages: (1) "[c]ompensatory damages (including emotional pain and suffering, inconvenience,

---

[1] Pursuant to Rule 47(c), Plaintiff was required to plead that she seeks monetary relief in the amount of one of the following categories: $100,000 or less; over $100,000 but not more than $200,000; over $200,000 but not more than $1,000,000; or over $1,000,000.  TEX. R. CIV. P. 47(c).

mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under the Texas Labor Code, in the past and future"; (2) "[e]conomic damages in the form of lost back pay, lost future wages and lost fringe benefits"; (3) attorney's fees; and (4) "for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled." [Plt.'s Orig. Pet., pp. 4-5].  The multitude of damages Plaintiff seeks is further evidence that the amount-in-controversy in this case exceeds $75,000.  Indeed, Plaintiff seeks compensatory which are statutorily capped at $300,000 because Defendant employs more than 500 employees.[2] *See* TEX. LAB. CODE § 21.2585(d)(4).  Further, because Chapter 21 permits the recovery of attorney's fees, such fees are included in the amount-in-controversy. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); TEX. LAB. CODE § 21.259.  Adding Plaintiff's claims for lost wages and benefits to her claims for compensatory damages and attorney's fees, there is no doubt that the amount-in-controversy requirement has been met and exceeded.  *Acosta v. Drury Inns, Inc.*, 400 F.Supp.2d 916, 921 (W.D. Tex. 2005) (facially apparent that claims exceeded $75,000 based on plaintiff's prayer for past and future economic losses, past and future mental anguish, exemplary damages, and attorney's fees).

6.      Accordingly, because this civil action is wholly between citizens of different states and because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1332(a)(1), and this

---

[2]In *Muniz v. El Paso Marriott*, this Court held that when a plaintiff brings an employment discrimination suit under Chapter 21 seeking to recover compensatory and punitive damages, then it will be "assumed" that he is seeking to recover the maximum amount of damages permitted under the statutory cap. 2009 WL 4878619 *5 (W.D. Tex. Dec. 8, 2009) (Cardone, J.).  Thus, it can be assumed that Plaintiff is seeking to recover the maximum amount of damages possible under Chapter 21 including up to $300,000 in compensatory damages.

action is removable pursuant to 28 U.S.C. § 1441.

## PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

7. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

8. Defendant will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Defendant will also promptly file a copy of this Notice of Removal with the Clerk of the 327th Judicial District Court, El Paso County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

9. True and correct copies of all process, pleadings, and the orders served upon Defendant in the state court action are being filed with this notice as required by 28 U.S.C. § 1446(a) and attached hereto as Exhibit A.

10. Pursuant to 28 U.S.C. § 1446(b), this Notice Removal is filed within thirty (30) days after service of the initial pleading setting forth a removable claim and within one (1) year from the commencement of this lawsuit.

WHEREFORE, Defendant pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes the case styled *Bertha C. Gruenangerl v. McDonald's Corporation*, Cause No. 2014DCV1155 from the 327th Judicial District Court in El Paso County, Texas on this  5th  day of May 2014.

                                          Respectfully submitted,

                                          KEMP SMITH LLP
                                          P.O. Box 2800
                                          El Paso, Texas 79999-2800
                                          915.533.4424
                                          915.546.5360 (FAX)


                                    By: */s/ Clara B. Burns*
                                          CLARA B. BURNS
                                          State Bar No. 03443600
                                          cburns@kempsmith.com
                                          JOSE A. HOWARD-GONZALEZ
                                          State Bar No. 24067670
                                          agonzalez@kempsmith.com

                                        Attorneys for Defendant


## CERTIFICATE OF SERVICE

      I hereby certify that on May 5, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:*

Dennis L. Richard
Attorney for Plaintiff
The Law Office of Dennis L. Richard
4171 N. Mesa, Suite B-201
El Paso, Texas 79902

*A true and correct copy of this filing will also be served by certified mail, return receipt requested, to Dennis L. Richard at the address listed above.


                                          */s/ Clara B. Burns*
                                          CLARA B. BURNS